UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, DAIICHI SANKYO CO., LTD., DAIICHI SANKYO, INC., UBE INDUSTRIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC., MYLAN, INC., MYLAN LABORATORIES, LTD., et al., <br><br> Defendants. | ) ) ) ) ) ) CIVIL ACTION ) NO. 1:14-CV-00389-SEB-TAB ) ) ) ) ) ) ) ) |

**MYLAN DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICES OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

The Mylan Defendants respectfully submit that the decisions in *Allergan, Inc. v. Actavis, Inc.*, Dkt. No. 97, No. 2:14-cv-638 (E.D. Tex. Dec. 23, 2014), and *Acorda Therapeutics, Inc. v. Mylan Pharmaceuticals Inc.*, Dkt. No. 30, No. 1:14-CV-935 (D. Del. Jan. 14, 2014), should not guide this Court's analysis of specific personal jurisdiction—as suggested in Plaintiffs' January 6 and January 20, 2015 Notices of Additional Supplemental Authority in opposition to the Mylan Defendants' motion to dismiss. *See* Dkt. Nos. 291, 293.

In *Allergan*, the court's holding on specific jurisdiction was expressly limited to the plaintiff's declaratory judgment claims. *See* Dkt. No. 291-1 at 15-16. Such claims are not at issue in this case. Specifically, the plaintiff in *Allergan* was seeking a declaratory judgment that the defendants' Abbreviated New Drug Application ("ANDA") could not trigger the protections of the Hatch-Waxman regulatory framework because the defendants submitted the Paragraph IV certification letter *prior* to the FDA's acceptance of the ANDA. *Id.* at 6-8. In denying the

defendants' motion to dismiss for lack of personal jurisdiction, the *Allergan* court found that submitting the certification letter prior to FDA acceptance of the ANDA "prematurely" initiated the Paragraph IV process and caused a present injury to the plaintiff within the District of Texas. *Id.* at 15. None of those facts is present here.

More importantly, however, the *Allergan* court's jurisdictional analysis should not guide this Court because it conflates specific and general jurisdiction. For specific jurisdiction, "the defendant's *suit-related* conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 n.10 (Fed. Cir. 1994) ("[Specific jurisdiction] contrasts with general jurisdiction, in which the defendant's contacts have no necessary relationship to the cause of action."). Yet the *Allergan* court supported its minimum-contacts finding by pointing to the defendants' *unrelated* forum-state conduct—including "extensive business activities" that existed entirely independent of the generic product and the related ANDA—in express contradiction to *Walden*. *See* Dkt. No. 291-1 at 14 (relying on the defendants' "state-issued license to distribute prescription drugs in Texas," "contracts with Texas wholesalers, retailers and state agencies," and the fact that they "have been enormously successful, selling more than $1 billion in drugs in Texas during 2013").

The Delaware district court made the same mistake when analyzing specific jurisdiction in *Acorda*. That court focused primarily on the fact that the suit arose out of Mylan Pharmaceuticals sending the Paragraph IV letter to a company incorporated in Delaware, even though the letter was actually sent to New York—the plaintiff's principal place of business. *See* Dkt. No. 293-1 at 33. But when it came to evaluating the defendant's contacts with the forum state of Delaware, the court could point only to conduct *unrelated* to the underlying cause of action. *See id.* at 39

("Moreover, Mylan Pharma has contacts with Delaware beyond its injuring a Delaware corporation—such as its registration to do business in Delaware, registration with the Delaware Board of Pharmacy, and its litigation history in Delaware.").

While the courts in *Allergan* and *Acorda* paid homage to *Walden*, they nonetheless broke from its teaching.  *Compare Walden*, 134 S. Ct. at 1125 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *with* Dkt. No. 291-1 at 13 (concluding that the ANDA "will cause substantial harm to Allergan in Texas"); Dkt. No. 293-1 at 38 ("[I]t seems proper to conclude that Acorda suffers 'injury' in Delaware as a result of Mylan's ANDA filing.").

Respectfully submitted, this 20th day of January, 2015.

/s/ Jeremy N. Gayed
Jeremy N. Gayed, #27551-35
BARRETT & MCNAGNY LLP
215 E. Berry Street
P.O. Box 2263
Fort Wayne, Indiana  46802
Ph.:  (260) 423-9551
Fax:  (260) 423-8920
jng@barrettlaw.com

Deepro R. Mukerjee
James C. Grant
Jonathan D. Parente
(*Admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Ph:  (404) 881-7000
Fax: (404) 881-7777
jim.grant@alston.com
deepro.mukerjee@alston.com
jonathan.parente@alston.com

*Counsel for Defendants Mylan, Inc.,
Mylan Pharmaceuticals, Inc., and Mylan
Laboratories LTD*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are filing users.

Dated this 20th day of January, 2015.

/s/ Jeremy N. Gayed_____