UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.* | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 1:14-cv-00389-SEB-TAB ) |
| ACCORD HEALTHCARE INC., USA, *et al.* | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO MODIFY STAY**

For the third time, the Court is asked to take up the issue of staying this case. This time Defendants Mylan Inc., Mylan Laboratories Ltd., and Mylan Pharmaceuticals Inc. ask the Court to release the '726 patent from the stay. As there have been no significant changes in this case since the Court entered the stay, the Court denies the Mylans' motion.[1] [Filing No. 376.]

The Court has inherent power to control its own docket and stay proceedings. *Cook Inc. v. Endologix, Inc.*, No. 1:09-CV-01248-WTLTAB, 2010 WL 325960, at *1 (S.D. Ind. Jan. 21, 2010). Although the Court is generally reluctant to stay litigation, it often favors stays in infringement suits involving co-pending reexamination of the patents-in-suit by the Patent and Trademark Office. *Id.*

On December 11, 2015, the Court stayed this action until the PTO Board issues a written decision on the *inter partes* review of patents '703 and '325, two of the three patents at issue in this case. The '726 patent is not part of the *inter partes* review, but it is included in the stay,

---

[1] The Court had set this matter for an April 6 status conference to address this motion. However, after reviewing the briefs the Court has determined a status conference is not necessary. The April 6 conference [Filing No. 391] is therefore vacated.

partly because it covers the '703 and '325 patents.  The stay order specifically recognizes the "very real possibility that this litigation would not be completed … before the '726 compound patent expires in April 2017," but concludes this prejudice to Plaintiffs is eliminated because there is time to seek an injunction once the *inter partes* review is complete.  [Filing No. 373, at ECF p. 3.]  The Court's order did not recognize prejudice to the Mylans—perhaps because they did not file a brief addressing the motion to stay.

The fact that the Mylans failed to file a brief opposing the stay when it was before the Court is significant.  In support of its motion to now modify the stay, the Mylans argue that they have been unduly prejudiced and tactically disadvantaged by the stay, that releasing the '726 patent will simplify the issues, streamline discovery, and reduce trial burden, all without imposing additional discovery burdens or prejudicing Plaintiffs.  However, the Mylans did not make these arguments when the Court was considering the motion for a stay.  In fact, unlike Plaintiffs and numerous other Defendants, the Mylans were silent.  The Mylans are not entitled to a free peek at how the motion to stay turned out before attempting to carve out their own piece of the litigation.  See *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) ("In law (actually in love and most everything else in life), timing is often everything.").  If the '726 patent is so unique to the Mylans, they would know that a stay would be significantly prejudicial and should have opposed the stay when it was under advisement.  They did not and the time to do so has passed.

The Mylans do not convince the Court to take up the stay issue a third time.  Unlike last time, the Mylans point to no new developments in this case.  The prejudicial patent expiration date, invalidity issues, discovery, and trial burden related to the '726 patent have not changed since the Court entered its order staying the case on December 11, 2015.  Perhaps the Mylans' best argument that the Court take up the stay again is that Plaintiffs originally opposed the stay

back in October 2015, arguing that the case should at least proceed with respect to the '726 patent. [Filing No. 355, at ECF p. 12.] But this argument is in their reply brief. Because the Mylans raised this argument for the first time in their reply brief, it is waived. *United States v. Kennedy,* 726 F.3d 968, 974 n.3 (7th Cir. 2013).

Even absent waiver, Plaintiffs correctly argue that the Mylans' motion to modify the stay is anything but minor. Permitting the '726 patent to proceed separately will result in overlap, duplication, and waste. Much of the evidence and witnesses tied to the three patents at issue in this case overlap. For example, releasing the '726 patent would require the Japanese inventors, the same inventors for all three patents, to be deposed twice. Furthermore, the Mylans represent in their brief that they want the '726 patent released to obtain a 180-day period of market exclusivity. But the Mylans rely on a speculative sequence of events for this to occur. In order to obtain a 180-day period of market exclusivity before the patent expires in April 2017, the Mylans would need to complete discovery, go to trial, and the Court would need to enter its decision and judgment invalidating the '726 patent by October 17, 2016. The result and timing is incredibly unlikely, particularly given the fact that the stay of the '703 and '325 patents would still prevent the Mylans from obtaining the 180-day exclusivity.

The Mylans have failed to convince the Court that releasing the '726 patent from the existing stay of this litigation is an appropriate exercise of this Court's inherent power. The Mylans do not show that they will be any more prejudiced or tactically disadvantaged than they were when the Court entered the stay in December 2015. The Mylans' motion to modify the stay [Filing No. 376] is denied.

Date: 3/25/2016                             _____
                                            Tim A. Baker
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.

Mark J. Scott
KELLEY DRYE &WARREN LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606